

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KRYSTA NICOLE GAINES, §
§
Movant, §
§
VS. § NO. 4:18-CV-616-A
§ (NO. 4:16-CR-173-A)
UNITED STATES OF AMERICA, §
§
Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Krysta Nicole Gaines ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, and pertinent parts of the record in Case No. 4:16-CR-173-A, styled "United States of America v. Dennis Michael Roe, Jr., et al.," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On July 13, 2016, movant was named along with a co-defendant, Dennis Michael Roe, Jr. ("Roe"), in a one-count indictment charging her with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(C). CR Doc.¹ 28. On September 16, 2016, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 48. Movant and her attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 49. Under oath, movant stated that no one had made any threats or promise or assurance of any kind to induce her to plead guilty. Further, movant stated her understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by her guilty plea; movant was satisfied with her counsel and had no complaints regarding her representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 115.

Pursuant to the PSR, movant's base offense level was 32. CR Doc. 53 ¶ 33. She received a two-level and a one-level reduction for acceptance of responsibility, making her total offense level

---

¹The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-173-A.

29. Id. ¶¶ 40-42. Because her criminal history category was II, her guideline imprisonment range was 97-121 months. Id. 94. Movant filed objections to the PSR, arguing that there was a miscalculation of the drug amount attributed to her. CR Doc. 95. The probation officer prepared an addendum to the PSR, accepting movant's objection. CR Doc. 63. The addendum provided, however, that laboratory analysis reports resulted in a change to movant's base offense level. Id. The new base offense level was 34 and movant received a two-level enhancement for importation of methamphetamine from Mexico. Id. The resulting guideline range became 151-188 months. Id. Movant objected to the addendum, arguing that she should not receive the two-level enhancement and that she should receive a four-level reduction due to her minimal role. CR Doc. 96. By order signed March 10, 2017, the court notified movant that it had tentatively concluded that the objections were without merit. CR Doc. 90.

On March 17, 2017, movant was sentenced to a term of imprisonment of 151 months, at the bottom of the guideline range. CR Doc. 118; CR Doc. 93. Movant appealed and the judgment was affirmed. United States v. Gaines, 707 F. App'x 834 (5th Cir. 2018).

II.

## Grounds of the Motion

Movant asserts four grounds in support of her motion. Doc.[2] 1. They are stated as follows:

GROUND ONE: INEFFECTIVE COUNSEL FOR FAILURE TO APPRISE

Id. at PageID[3] 4.

GROUND TWO: INEFFECTIVE COUNSEL FOR FAILURE TO RAISE ACTUAL INNOCENCE CLAIM

Id. at PageID 5.

GROUND THREE: INEFFECTIVE COUNSEL FOR FAILURE TO CALL WITNESSES

Id. at PageID 6.

GROUND FOUR: FAILURE TO RAISE MITIGATING CIRCUMSTANCES

Id. at PageID 8.

The motion is accompanied by a memorandum in support. Doc. 2.

III.

## Standards of Review

A. <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system.

fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974); <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." <u>Moore v. United States</u>, 598 F.2d 439, 441 (5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of

deficient performance and prejudice is not sufficient to meet the
Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir.
2000).

IV.

Analysis

In support of her first ground, movant refers to a list of
matters about which she says her attorney failed to apprise her.
Doc. 1 at PageID 4. They include matters such as failure to
apprise her of his strategy and plans to proceed, of whether he
was going to object, of hearing dates so that family could be
present, and of whether there was a plea deal offered. Id. Her
memorandum generally avers to counsel's failure to actively work
on her case. Doc. 2 at PageID 16. In all, movant presents nothing
but conclusory allegations that do not raise a constitutional
issue. Miller, 200 F.3d at 282; Ross v. Estelle, 694 F.2d 1008,
1011 (5th Cir. 1983).

In her second ground, movant argues that her counsel was
ineffective for failing to raise her actual innocence. Doc. 1 at
PageID 5. Her memorandum refers to an Eleventh Circuit case
pertaining to mens rea. Doc. 2 at PageID 18. Her basic argument
is that she was just along for the ride, a drug addict following
her then-boyfriend to a drug deal. The record reflects, however,
that movant's guilty plea was knowing and voluntary. Her solemn

declarations at rearraignment are entitled to a strong presumption of verity. United States v. Palmer, 456 F.3d 484, 491 (5th Cir. 2006). She has not come forward with any evidence to entitle her to a hearing on this ground.

Movant next argues that her counsel was ineffective for failing to call witnesses. Doc. 1 at PageID 6. She says that Roe would have explained why movant was present at the drug deal and what role she played. Id. In her memorandum, she also mentions that her mother would have been an excellent witness as to movant's crippling drug addiction and history. Doc. 2 at PageID 19. And, she refers to a list of names she gave her attorney of people who could have attested to her relationship with Roe. Id. Movant does not explain how any of this would have changed the outcome. See Cullen, 563 U.S. at 189.

Finally, movant asserts that her counsel failed to raise mitigating circumstances. Doc. 1 at PageID 8. In her memorandum, she argues that her drug addiction would have supported a diminished capacity defense. Doc. 2 at PageID 20. Again, movant pleaded guilty and her plea was knowing and voluntary. Her mental health history and drug addiction were addressed in the PSR. CR Doc. 53 ¶¶ 68-81. She was sentenced at the bottom of the guideline range. Movant simply has not shown that her counsel

8

could or should have done anything differently that would have affected the outcome of her case.

At the end of her memorandum, movant says her counsel was ineffective for failure to object to drug quantity, but the contention is belied by the record. CR Doc. 95. As stated, the objections were accepted by the probation officer. CR Doc. 63.

Movant also alleges that her attorney stated that a "sentence of (4-6) years would be imposed on her pleading guilty." Doc. 2 at PageID 22. The allegation is belied by movant's testimony at the rearraignment hearing. CR Doc. 115. To be entitled to an evidentiary hearing at this point, movant would have to prove the exact terms of any alleged promise, exactly when and where the promise was made, and the precise identity of eyewitnesses to the promise. United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). She has not made any attempt to do so. Moreover, the letter attached to her memorandum as Exhibit A, rather than referring to a representation regarding a specific sentence, reflects advice that most attorneys give their clients, to wit: they will likely face a longer sentence if they go to trial and are convicted than they would if they pleaded guilty. Doc. 2 at PageID 25. Moreover, the court notes that the pro se motions movant filed following sentencing to withdraw her plea and vacate the judgment and to reconsider her sentence do not

allege that she was promised any particular sentence. CR Doc. 98, 108, 113.

And, in an addendum to her memorandum, movant alleges that her counsel was ineffective for failing to request a safety valve. Doc. 2 at PageID 23. Movant, with a criminal history category of II, was ineligible for safety valve consideration. USSG 2D1.1(b)(17) & 5C1.2(a). Counsel is not ineffective in failing to raise a meritless argument. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

V.

Order

The court ORDERS that all relief sought by movant in her motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

denial of a constitutional right.

SIGNED October 25, 2018.

JOHN McBRYDE
United States District Judge